```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                  :

JOSE YUQUILEMA, *et al.*,
                                  :      13 Civ. 461 (WHP)

               Plaintiffs,

                                  :      MEMORANDUM & ORDER

         -against-

                                  :

MANHATTAN'S HERO CORP., *et al.*,
                                  :

               Defendants.
                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Jose Yuquilema, Jose Orea, Pablo Velendez, and Mario Carrasco bring this action under the Fair Labor Standards Act and New York Labor Law. They move for default judgment against Defendants Manhattan's Hero Corp., 350 Fifth Avenue Corp., William Fernandez, and Stefano Troia. For the following reasons, Plaintiffs' motion is granted in part.

## DISCUSSION

        Plaintiffs commenced this action on January 22, 2013.[1] Manhattan's Hero Corp. and 350 Fifth Avenue Corp. were served with copies of the summons and complaint on March 11, 2013 by serving the New York Secretary of State pursuant to N.Y. C.P.L.R. § 311(a)(1) and N.Y. Bus. Corp. Law § 306(b)(1).[2] William Fernandez and Stefano Troia were served March 21, 2013 pursuant to N.Y. C.P.L.R. § 308(2) by delivering copies of the summons and complaint to a person of suitable age at their actual place of business and subsequently mailing copies of the

---

[1] Compl. (ECF Doc. No. 1).
[2] ECF Docs. Nos. 3-4.

Case 1:13-cv-00461-WHP   Document 25   Filed 06/26/13   Page 2 of 4

summons and complaint to their place of business.[3]

Stefano Troia answered the Complaint on June 20, 2013.[4] While his answer was untimely, Plaintiffs were not prejudiced by his tardiness and entering a default judgment against Troia would be inappropriate. See Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995); Hallett v. Davis, 2012 WL 4378020, at *6 n.1 (S.D.N.Y. Sept. 25, 2012).

On the other hand, Manhattan's Hero Corp., 350 Fifth Avenue Corp., and William Fernandez have failed to answer the Complaint or appear in this action. The Clerk of Court has issued Certificates of Default against them.[5] Fernandez is not an infant nor is he incompetent.[6] Plaintiffs' motion for default judgments against these Defendants is granted as to liability, but the Court will defer assessing damages against them pending the resolution of the claims against the non-defaulting Defendants. See Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 399-400 (S.D.N.Y. 2012); Montcalm Publ'g Corp. v. Ryan, 807 F. Supp. 975, 977-78 (S.D.N.Y. 1992).

---

[3] ECF Docs. Nos. 5, 7.
[4] ECF Doc. No. 24.

## CONCLUSION

For the following reasons, it is ORDERED that:

1. Plaintiffs' motion for default judgment against Stefano Troia is denied;

2. Default judgments are hereby entered against Defendants Manhattan's Hero Corp., 350 Fifth Avenue Corp., and William Hernandez, precluding them from participating in the merits aspects of this action; and

3. The damages inquests against the defaulting Defendants will be consolidated with the damages aspects of the trial against the non-defaulting Defendants.

The Clerk of Court is directed to terminate the motion pending at ECF No. 14.

Dated: June 25, 2013
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies to:*

Michael A. Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, NY 10165
*Counsel for Plaintiffs*

Jack Mordehai
350 Fifth Avenue
New York, NY 10018
*Defendant Pro Se*

---

[5] Decl. of Michael A. Faillace, Esq. in Support of Pl.'s Mot. for Default J. (ECF Doc. No. 20) ("Faillace Decl."), Exs. H-J.
[6] Faillace Decl. ¶ 8.

Stefano Troia
57 Main Street
Port Washington, NY  11050
*Defendant <u>Pro Se</u>*